NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS LOBDELL; DANIELLE LOBDELL, husband and wife, and the marital community comprised thereof, | No. 23-35251 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-00020-MKD |
| v. | MEMORANDUM* |
| COUNTY OF SPOKANE; CITY OF AIRWAY HEIGHTS; OZZIE KNEZOVICH, Spokane County Sheriff; GIACOMINI, Spokane County Sheriff Deputy; GUNTER, Spokane County Sheriff Deputy; BRAD RICHMOND, Airway Heights Police Chief; PATRICK CARBAUGH, Airway Heights Officer; ROBERT SWAN, Airway Heights Officer; LANGAN, Airway Heights Officer; FLAVEL, Airway Heights Officer; BRIAN NEWMAN, Airway Heights Officer, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Argued and Submitted September 11, 2024
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and SUNG, Circuit Judges, and RAKOFF,[**] District Judge.

Curtis and Danielle Lobdell appeal the dismissal by the district court of their civil suit against officers from the Airway Heights Police Department and the Spokane County Sheriff's Office, the Spokane County Sheriff, the Airway Heights Police Chief, the County of Spokane, and the City of Airway Heights. We review de novo the district court's order granting defendants' motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We affirm.

On appeal, the Lobdells focus primarily on their claims under 42 U.S.C. § 1983 against the individual officers, which allege that the search of their home violated their Fourth Amendment rights. The officers' search proceeded in two stages: (1) the officers' initial entry into the home after arriving and securing Mr. Lobdell outside; and (2) the officers' subsequent reentry into the home with Ms. Lobdell's apparent cooperation. The Lobdells did not challenge the first stage of

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

the officers' search in their motion-to-dismiss briefing or in their briefs on appeal. Accordingly, we decline to consider the Lobdells' claim at oral argument that the officers' protective sweep exceeded its permissible scope. *Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir. 2017).

As to the Lobdells' contention that the officers' subsequent search of the home constituted an unreasonable search under the Fourth Amendment, "a [warrantless] search conducted pursuant to a valid consent is constitutionally permissible." *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). Here, Ms. Lobdell's consent justified the officers' search of the home. Indeed, the Lobdells never argued in the district court that Ms. Lobdell did not consent to the search of their home. But even if we consider the merits of their position on appeal, Ms. Lobdell demonstrated her consent through her active cooperation with the officers. After the officers' protective sweep, Ms. Lobdell returned inside the house and described the events leading up to her 911 call to Officer Patrick Carbaugh of the Airway Heights Police Department. Officer Carbaugh then asked her "if she knew where the firearm was currently," and "Ms. Lobdell escorted [him] to their bedroom and said that the last place that she saw the gun case was on top of a storage tote near the bed." More than a mere "failure to object to the entry," *United States v. Shaibu*, 920 F.2d 1423, 1427 (9th Cir. 1990), Ms. Lobdell's active collaboration with the officers "make[s] the inference of consent unequivocal,"

*Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1017 (9th Cir. 2008) (citations omitted). Given Ms. Lobdell's consent, the officers did not need Mr. Lobdell's consent. In any event, the Lobdells' assertion that "Mr. Lobdell expressly refused to give consent" finds no support in the record.[1]

We briefly address the Lobdells' other claims. *First*, their § 1983 claims against the municipal and supervisory defendants fail because, for the reasons already discussed herein, they have not identified an underlying constitutional violation. *Second*, the Lobdells appear to base their common-law negligence claim on Washington Revised Code § 10.79.040, which provides that warrantless entries into and searches of "any private dwelling house or place of residence" are unlawful. A negligence claim based on that statute, however, is foreclosed by the "public duty doctrine"—which generally bars tort claims premised on "a regulatory statute" that "imposes a duty on public officials which is owed to the public as a whole." *Ehrhart v. King Cnty.*, 460 P.3d 612, 618 (Wash. 2020) (en banc) (quotation marks omitted). Contrary to the Lobdells' assertion, § 10.79.040 does not meet the "failure to enforce" exception to that general rule because it does

---

[1] The Lobdells also attempt to identify a constitutional violation in support of their § 1983 claim under the Fourteenth Amendment. But we agree with the district court that the Lobdells' Fourteenth Amendment claim largely mirrors their Fourth Amendment claim. We have consistently evaluated claims under the Fourth Amendment—rather than the Fourteenth Amendment—when its protections are clearly implicated. *See, e.g.*, *Tarabochia v. Adkins*, 766 F.3d 1115, 1129 (9th Cir. 2014).

not impose any affirmative obligation on a government official to prosecute or otherwise discipline an offending officer—a marked difference from those regulatory statutes that Washington courts have determined impose a statutory duty. *See, e.g.*, *Campbell v. City of Bellevue*, 530 P.2d 234, 241 (Wash. 1975) (en banc); *Bailey v. Town of Forks*, 737 P.2d 1257, 1260 (Wash. 1987) (en banc); *Gorman v. Pierce Cnty.*, 307 P.3d 795, 803–04 (Wash. App. 2013). *Third*, and finally, the Lobdells have abandoned all other claims in their complaint by failing to raise supporting arguments on appeal. *See Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1076 (9th Cir. 2020).

**AFFIRMED.**